**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 12-cv-01162-REB

ESTATE OF TAMMY STEPHENS,

    Plaintiff,

v.

CAROLYN W. COLVIN,[1] Acting Commissioner of Social Security,

    Defendant.

**ORDER REVERSING DISABILITY
DECISION AND REMANDING TO COMMISSIONER**

**Blackburn, J.**

    The matter before me is plaintiff's **Complaint** [#1],[2] filed May 5, 2012, seeking review of the Commissioner's decision denying plaintiff's claim for disability insurance benefits and supplemental security income benefits under Titles II and XVI of the Social Security Act, 42 U.S.C. § 401, *et seq.* I have jurisdiction to review the Commissioner's final decision under 42 U.S.C. § 405(g). The matter has been fully briefed, obviating the need for oral argument. I reverse and remand.

---

    [1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013, and thus her name is substituted for that of Michael J. Astrue as the defendant in this suit. **FED. R. CIV. P.** 25(d)(1). By virtue of the last sentence of 42 U.S.C. § 405(g), no further action need to taken to continue this lawsuit.

    [2] "[#1]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff alleges that she was disabled as a result of rheumatoid arthritis, gout, and chronic pain syndrome.[3] After her applications for disability insurance benefits and supplemental security income benefits were denied, plaintiff requested a hearing before an administrative law judge. This hearing was held on January 19, 2011. At the time of the hearing, plaintiff was 43 years old. She has a ninth grade education and past relevant work experience as a nurses' aide, janitor, child care monitor, and cake decorator. She has not engaged in substantial gainful activity since September 26, 2008.[4]

The ALJ found that plaintiff was not disabled and therefore not entitled to disability insurance benefits or supplemental security income benefits. Although the medical evidence established that plaintiff suffered from severe impairments, the judge concluded that the severity of those impairments did not meet or equal any impairment listed in the social security regulations. The ALJ found that plaintiff had the residual functional capacity to perform sedentary work with various restrictions. Although this finding precluded plaintiff's past relevant work, the ALJ concluded that there were jobs existing in significant numbers in the national and local economies that she could perform. He therefore found plaintiff not disabled at step five of the sequential

---

[3] Plaintiff died on July 18, 2012, after this case was filed. (*See* **Unopposed Motion To Substitute Party Plaintiff**, Exh. A [#12], filed August 2, 2102.) Plaintiff's estate thereafter was substituted as the party plaintiff in this matter. (*See* **Minute Order** [#13], filed August 3, 2012.) For ease of reference, I refer to plaintiff as Ms. Stephens, rather than her estate.

[4] Although plaintiff alleged an onset date of August 1, 2007, the ALJ found that she had engaged in substantial gainful activity beyond that date. (Tr. 22-23.) Plaintiff does not challenge that finding on appeal.

evaluation. Plaintiff appealed this decision to the Appeals Council. The Council affirmed. Plaintiff then filed this action in federal court.

## II. STANDARD OF REVIEW

A person is disabled within the meaning of the Social Security Act only if her physical and/or mental impairments preclude her from performing both her previous work and any other "substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2). "When a claimant has one or more severe impairments the Social Security [Act] requires the [Commissioner] to consider the combined effects of the impairments in making a disability determination." **Campbell v. Bowen**, 822 F.2d 1518, 1521 (10th Cir. 1987) (citing 42 U.S.C. § 423(d)(2)(C)). However, the mere existence of a severe impairment or combination of impairments does not require a finding that an individual is disabled within the meaning of the Social Security Act. To be disabling, the claimant's condition must be so functionally limiting as to preclude any substantial gainful activity for at least twelve consecutive months. *See Kelley v. Chater,* 62 F.3d 335, 338 (10th Cir. 1995).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled:

> 1. The ALJ must first ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.
>
> 2. The ALJ must then determine whether the claimed impairment is "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities.

>    3.  The ALJ must then determine if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations.
>    4.  If the claimant's impairment does not meet or equal a listed impairment, the ALJ must determine whether the claimant can perform his past work despite any limitations.
>
>    5.  If the claimant does not have the residual functional capacity to perform her past work, the ALJ must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

20 C.F.R. § 404.1520(b)-(f).  **See also Williams v. Bowen** 844 F.2d 748, 750-52 (10th Cir. 1988).  The claimant has the initial burden of establishing a disability in the first four steps of this analysis.  **Bowen v. Yuckert**, 482 U.S. 137, 146 n.5, 107 S.Ct. 2287, 2294 n.5, 96 L.Ed.2d 119 (1987).  The burden then shifts to the Commissioner to show that the claimant is capable of performing work in the national economy.  **Id.**  A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis.  **Casias v. Secretary of Health & Human Services**, 933 F.2d 799, 801 (10th Cir. 1991).

Review of the Commissioner's disability decision is limited to determining whether the ALJ applied the correct legal standard and whether the decision is supported by substantial evidence.  **Hamilton v. Secretary of Health and Human Services**, 961 F.2d 1495, 1497-98 (10th Cir. 1992); **Brown v. Sullivan**, 912 F.2d 1194, 1196 (10th Cir. 1990).  Substantial evidence is evidence a reasonable mind would accept as adequate to support a conclusion.  **Brown**, 912 F.2d at 1196.  It requires more than a scintilla but less than a preponderance of the evidence.  **Hedstrom v.**

***Sullivan***, 783 F.Supp. 553, 556 (D. Colo. 1992).  "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." ***Musgrave v. Sullivan***, 966 F.2d 1371, 1374 (10th Cir. 1992).  Further, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence."  ***Thompson v. Sullivan***, 987 F.2d 1482, 1487 (10th Cir. 1993). Although a reviewing court should meticulously examine the record, it may not reweigh the evidence or substitute its discretion for that of the Commissioner.  ***Id.***

### III.  LEGAL ANALYSIS

Plaintiff presents four separate, albeit interrelated, arguments in this appeal. Because I concur with her suggestion that the ALJ erred by failing to provide good reasons for the weight he assigned to the opinions of plaintiff's treating sources, I do not consider the remaining arguments.[5]

The opinion of a treating source is entitled to controlling weight when it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the case record."  20 C.F.R. § 404.1527(d)(2); ***see also Watkins v. Barnhart***, 350 F.3d 1297, 1300 (10th Cir. 2003).  A treating source opinion cannot be rejected absent good cause for specific and legitimate reasons clearly articulated in the hearing decision.  ***Watkins***, 350 F.3d at 1301.  Good cause may be found where the treating source's opinion is brief, conclusory, or unsupported by the medical evidence.  ***Frey v. Bowen***, 816 F.2d 508, 513 (10th Cir. 1987).

---

[5] Nevertheless, to the extent error occurred in any of these other respects, those issues may be addressed on remand as well.

Here, the ALJ assigned little weight to the opinions of plaintiff's treating sources, Dr. Suzanne Metcalf and physician's assistant Tara Clemens (*see* Tr. 555-558), on the grounds that these opinions were unsupported by objective medical findings or other credible evidence (Tr. 27.)[6]  There are several problems with his conclusion in this regard.  For one thing, a claim of disability cannot be rejected on the lack of objective medical evidence alone.  *See* 20 C.F.R. § 404.1529(c)(2).  "A medical opinion based on a physician's evaluation of the patient's medical history, observations of the patient, and an evaluation of the credibility of the patient's subjective complaints of pain, is medical evidence supporting a claim of disabling pain, even if objective test results do not fully substantiate the claim."  ***Orender v. Barnhart***, 2002 WL 1747501 at *6 (D. Kan. July 16, 2002) (citing ***Nieto v. Heckler***, 750 F.2d 59, 61-62 (10th Cir. 1984)).[7]

Moreover, the ALJ failed to tie his findings to any particular evidence in the record.  The decision must articulate the ALJ's reasoning such that later reviewers can identify both the weight that was actually assigned to the [medical source] opinion and the reasons for that weight."  ***Andersen v. Astrue***, 2009 WL 886237 at *3 (10th Cir. Apr. 3, 2009) (citations omitted); *see also* **Social Security Ruling 96-2p**, 1996 WL 374188 at *5 (SSA July 2, 1996).  Contrary to this mandate, the ALJ did not review or discuss

---

[6] I take no issue, however, with the ALJ's determination not to rely on Ms. Clemens's June, 2009, statement that plaintiff was "unable to work effectively in any environment due to her medical conditions" was conclusory and went to an issue reserved to the Commissioner.  (Tr. 525.)  *See* 20 C.F.R. § 404.1527(e); ***Sosa v. Barnhart***, 2003 WL 21436102 at *5 (D. Kan. April 10, 2003), ***adopted***, 2003 WL 21428384 (D. Kan. Jun. 17, 2003).

[7] Nor can these opinions be disregarded simply because they are offered in the context of "check-off forms," *see **Andersen v. Astrue***, 2009 WL 886237 at *6-7 (10th Cir. Apr. 3, 2009), which were provided to the medical professionals by the claimant's attorney, ***Hinton v. Massanari***, 13 Fed. Appx. 819, 824 (10th Cir. 2001).

the copious treatment notes comprising plaintiff's seven years of treatment with Dr. Metcalf and Ms. Clemens at all. (*See* Tr. 326-415, 420-514, 526-554.) His statement thus constitutes nothing more than a conclusion in the guise of findings, which does not constitute substantial evidence in support of the disability determination. ***Hardman v. Barnhart***, 362 F.3d 676, 679 (10th Cir. 2004).

Although the Commissioner cites to various portions of the treatment records as supporting of the ALJ's decision, such *post-hoc* explanations are inappropriate.[8] ***See Grogan v. Barnhart***, 399 F.3d 1257, 1263 (10th Cir. 2005). Nor was the ALJ's error harmless, as the record evidence does not patently support a finding of non-disability. The Commissioner's attempt to suggest otherwise by selectively citing to only those portions of the record showing mild symptoms or minimal limitations is simply cherry-picking. ***See Robinson v. Barnhart***, 366 F.3d 1078, 1083 (10th Cir. 2004). A more thorough and intellectually honest review of the entire record suggests instead that plaintiff's symptoms seemed to wax and wane over time. Regardless, the ALJ was required to actually discuss this evidence in the context of weighing the treating source and other opinions of record, and the court is neither required nor inclined to accept his mere *ipse dixit* that he did so. ***Cf. Cox v. Apfel***, 2000 WL 1472729 at *8 (D. Kan. Feb. 24, 2000) (citing ***Hamilton v. Secretary of Health & Human Services***, 961 F.2d 1495,

---

[8] For example, the Commissioner suggests that Dr. Metcalf's and Ms. Clemens's opinions are unworthy of credence because they relied on plaintiff's subjective reports of pain. Assuming *arguendo* the truth of this characterization of the medical record, the fact that a medical source opinion relies on a patient's subjective complaints, in itself, does not provide sufficient reason to discredit that opinion. "A medical opinion based on a physician's evaluation of the patient's medical history, observations of the patient, and an evaluation of the credibility of the patient's subjective complaints of pain, is medical evidence supporting a claim of disabling pain, even if objective test results do not fully substantiate the claim." ***Orender v. Barnhart***, 2002 WL 1747501 at *6 (D. Kan. July 16, 2002) (citing ***Nieto v. Heckler***, 750 F.2d 59, 61-62 (10th Cir. 1984)).

1498-99 (10th Cir.1992)) (ALJ's bare suggestion that he considered the entire record need be accepted only when the record provides no reason to question its validity).

Accordingly, the disability determination must be reversed.[9]

**THEREFORE, IT IS ORDERED** as follows:

1. That the conclusion of the Commissioner through the Administrative Law Judge that plaintiff was not disabled is **REVERSED**;

2. That this case is **REMANDED** to the ALJ, who is directed to

    a.    Reevaulate the treating source and other medical and non-medical opinions of record according to the legal standards set forth in the regulations;

    b.    Recontact any treating, examining, or reviewing sources for further clarification of their findings, seek the testimony of additional medical or vocational experts, order additional consultative or other examinations, or otherwise further develop the record as she deems necessary;

    c.    Reevaluate his determinations at the step four and five of the sequential evaluation process in light of his reconsideration of the evidence, including reconsideration of the other issues raised in this appeal but not addressed in this order; and

    d.    Reassess the disability determination; and

---

[9] By this decision, I do not find or imply that plaintiff is or should be found to be disabled.

3.  That plaintiff is **AWARDED** her costs to be taxed by the clerk of the court under **FED. R. CIV. P**. 54(d)(1) and **D.C.COLO.LCivR** 54.1, and as permitted by 28 U.S.C. § 2412(a)(1).

Dated April 22, 2013, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge